USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __4/8/22__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND ET AL.,**<br><br>　　　　　　　　　　**Petitioners,**<br><br>　　　　-against-<br><br>**KRAUS DRAPERY INSTALLATION INC.,**<br><br>　　　　　　　　　　**Respondent.** | 21-cv-8369 (ALC)<br><br>**<u>ORDER GRANTING PETITION TO CONFIRM ARBITRATION</u>** |

**ANDREW L. CARTER, JR., United States District Judge:**

　　Petitioners seek confirmation of an arbitration award entered against Respondent Kraus Drapery Installation Inc. Respondent has not opposed the petition. For the reasons set forth below, the petition is granted.

## BACKGROUND

　　Petitioners include the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, The Carpenter Contractor Alliance of Metropolitan New York ("the Funds"), and the New York City District Council of Carpenters (the "Union" and together with the Funds "Petitioners").

　　The Union is a labor organization and the certified bargaining representative for certain employees of Respondent. Pet. ¶ 7. During the relevant time period, Respondent was bound to an agreement between the United Brotherhood of Carpenters and Joiners of America ("UBCJA"). *Id*. ¶¶ 9, 15. This agreement required Respondent to remit certain amounts of contributions to the

Funds, *id.* ¶¶ 16, 21–22, 24–27, and to furnish its books and records when requested by the Funds to conduct audits to ensure Respondents comply with the required contributions, *id.* at ¶ 28. If a dispute concerning payment claim arises, either party can seek arbitration. *Id.* ¶ 25. The relevant policies state that the Funds shall be entitled to collect, in addition to disputed payments: "(1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) and amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies." *Id.* ¶ 27.

Pursuant to the Collection Policy, Petitioners requested an audit of Respondent. *Id.* ¶ 30. Respondent refused to submit to the audit, and Petitioners conducted an estimated audit pursuant to the Collection Policy, which revealed Respondent failed to remit all required contributions to the Funds. *Id.* ¶¶ 31–32. Petitioners then initiated arbitration and the arbitrator ruled in favor of Petitioners, ordering Respondents to pay $1,066,824.57, consisting of: (i) the estimated principal deficiency of $757,010.24, (ii) interest thereon of $155,512.28, (iii) liquidated damages of $151,402.05, (iv) court costs of $400, (v) attorneys' fees of $1,500, and (vi) arbitrators fee of $1,000. *Id.*¶ 35. The arbitrator also held that interest of 5.25% will accrue on the award from the award's issuance date. *Id.* ¶ 36. Respondent has not paid any portion of the award. *Id.* at ¶ 37.

On October 11, 2021, Petitioners filed a petition to confirm the arbitration award. ECF No. 1. Respondent was served on November 8, 2021. ECF No. 8. Respondent's response was due on November 29, 2021. On November 30, 2021, the Court ordered Respondent to respond by December 15, 2021. ECF No. 9. As Respondent failed to respond, on January 26, 2022, the Court

issued an order to show cause as to why the petition should not be considered unopposed and directed Respondent to respond by February 9, 2022. ECF No. 12. To this date, Respondent has not appeared or responded to Petitioners' motion to confirm their arbitration award. The Court now resolves the unopposed motion.

## LEGAL STANDARD

"Arbitration awards are not self-enforcing" and only go into effect when converted into judicial orders. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq*. provides a "streamlined" process for parties seeking "a judicial decree confirming an award." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582, (2008). "[D]efault judgments in the confirmation/vacatur [of arbitration] proceedings are generally inappropriate." *D.H. Blair*, 462 F.3d at 109. Instead, the court conducts a summary proceeding, "merely mak[ing] what is already a final arbitration award a judgment of the court." *Id*. at 110 (internal quotation marks and citations omitted). Courts must give great deference to an arbitrator's decision. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "The arbitrator's rationale for an award need not be explained," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 104 (internal quotation marks and citations omitted).

Courts in this Circuit evaluate unopposed motions to confirm an arbitration award under the same legal standard as a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view

3

all facts "in the light most favorable" to the non-moving party and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation marks and citations omitted).

> When evaluating an unopposed motion for confirmation of an arbitration award, a court:
>
> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented.

*D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citations omitted). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Galway Dev. Corp.*, No. 19-CV-278 (PAE), 2019 WL 1567713, at *3 (S.D.N.Y. Apr. 10, 2019) (internal quotation marks and citations omitted).

## DISCUSSION

### I. Confirmation of Award

The Court confirms Petitioners' arbitration award in its entirety. Summary judgment is warranted as Petitioners have shown there is no dispute of material issues of fact. The arbitrator acted within the scope of his authority and found that Respondent was required to permit the Funds to audit Respondent's books and records and make certain contributions to the Funds, and failed

4

to do so. Pet. ¶ 35. Likewise, the arbitrator's award regarding interest, liquidated damages, attorneys' fees, arbitrators' fees, and court costs is supported by agreements and policies to which the parties are obligated. *Id.* ¶¶ 27, 35. Therefore, there is at least a "barely colorable" justification for each component of the arbitrator's award. *D.H. Blair*, 462 F.3d at 104. Accordingly, the Court confirms the award in favor of petitioners, for a total amount of $1,066,824.57.

## II.     Attorneys' Fees in This Action

In addition to the arbitrator's award, Petitioners also request fees and costs incurred in bringing the instant petition. Pet. ¶¶ 40–49. Petitioners request $917.50 in attorneys' fees and $77 in costs. In actions to confirm arbitration awards, it is well established that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks and citations omitted). Here, Respondent has neither complied with the award nor offered any justification for its failure to do so. Given Respondent's failure to appear for arbitration and in this matter, and Respondent's failure to show good cause for its failure to abide by the arbitrator's award, an award of reasonable attorneys' fees is an appropriate equitable remedy. *See, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining Educ. & Indus. Fund v. Furniture Bus. Sols., LLC*, No. 20-CV-02867 (GHW), 2020 WL 6525466, at *3 (S.D.N.Y. Nov. 5, 2020) ("[B]ecause a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party opposing confirmation of an arbitration award refuses to abide by an arbitrator's decision without

justification." (internal quotation marks and citation omitted)). The Court has reviewed Petitioner's submission and finds that its requested fees and costs are reasonable and similar in amount to amounts awarded by courts in this District. *See, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12-CV-005 (JMF), 2012 WL 3744802, at *5 (S.D.N.Y. Aug. 29, 2012).

### III. Pre- and Post-Judgment Interest

Petitioners also seek pre- and post-judgment interest. Pet. ¶ 49. The Court grants Petitioners' request for pre-judgment interest at the rate granted by the arbitrator, 5.25 percent. *See Waterside Ocean Navigant Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (adopting a "presumption in favor of pre-judgment interest"); *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. VREX Constr. Inc.*, No. 21-CV-9408 (JMF), 2022 WL 19786, at *1 (S.D.N.Y. Jan. 3, 2022) (awarding the pre-judgment interest rate of 5.25 percent, which was the rate awarded by the arbitrator).

Federal law provides a standard formula for calculating interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. Awards of post judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). Accordingly, Section 1961 applies to actions to confirm arbitration. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). Therefore, the Court also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons set forth above, Petitioners' motion to confirm the arbitration award is granted. The Clerk of Court is directed to award judgment in favor of the Petitioners and against Respondent in the amount of $1,066,824.57 pursuant to the arbitration award with interest to accrue at the rate of 5.25% from the date of the award, pursuant to the arbitrator's award, plus $917.50 in attorneys' fees and $77 in costs arising out of this petition, and post-judgment interest at the statutory rate. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

**Dated:  April 8, 2022**
       **New York, New York**

                                       **ANDREW L. CARTER, JR.**
                                       **United States District Judge**